Considered by MARQUETTE and PHILLIPS.

---

DAVIS-MCGEE MULE CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7135.    Promulgated August 1, 1927.

*J. Alex Neeley, Jr., Esq.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

Deficiencies in income tax of $627.77 and $136.68 for 1919 and 1920, respectively. The only question involved is the amount of the gross sales for both years.

### FINDINGS OF FACT.

Petitioner is engaged in the business of selling automobiles, feed, mules and other live stock, and wagons, at Anderson, S. C. It filed income-tax returns for 1919 and 1920, in which it reported gross sales for those years of $353,862.05 and $489,873.52, respectively. These returns were prepared by the bookkeeper from such accounting records as were maintained during the years in controversy, consisting of memorandum books, check books, and check records. The amount of the gross sales reported for 1919 was arrived at by adding the accounts receivable, at the close of the year, of $23,541.30, to the total cash collections of $330,321.75, making a total of $353,863.05. The amount reported as gross sales for 1920 was arrived at in the same manner.

During 1919 petitioner discounted, at the Bank of Anderson, three of its own notes and two accommodation notes of individuals obtained as loans. The discount date, maker, and the proceeds of each discounted note, are as follows:

| Discount date | Maker | Proceeds |
|---|---|---|
| June 11, 1919 | Willis McGee | $3, 290. 00 |
| June 19, 1919 | J. Fred Dean | 933. 57 |
| July 8, 1919 | Davis-McGee Mule Co | 2, 961. 48 |
| Aug. 20, 1919 | Davis-McGee Mule Co | 9, 939. 67 |
| Dec. 24, 1919 | Davis-McGee Mule Co | 19, 996. 00 |
| Total proceeds of discounted notes | | 37, 120. 72 |

The proceeds of the first three notes, totaling $7,185.05, were included by the bookkeeper in the total cash collections of $330,321.75, in arriving at gross sales for 1919. The proceeds of all five notes were borrowed funds.

The accounts receivable, at the close of 1919, were $23,541.30.

All of the cash funds received in the course of business were deposited at the Bank of Anderson. The petitioner had no other depositary during the years under review. The records of the Bank of Anderson show that the petitioner made total deposits in 1919 and 1920 of $358,791.89 and $521,184.53. The total deposits for 1919 include the proceeds of the five above described notes discounted in that year.

The gross sales reported in the returns for 1919 and 1920 were accepted as correct by the respondent. The deficiencies asserted are based upon adjustments of net income which are not contested by petitioner.

The Commissioner made a jeopardy assessment of $627.77 for 1919 which the petitioner has not paid, but has covered with a claim in abatement accompanied by bond. The claim in abatement is rejected by the respondent in the deficiency notice.

### OPINION.

STERNHAGEN: Petitioner alleges overstatement of the gross sales reported in the returns of the two years in controversy, with corresponding overstatements of net income for those years. It computes the overstatement for each year in the following manner:

1919

| | |
|---|---|
| Total cash deposits at Bank of Anderson | $358, 791. 89 |
| Less: Proceeds of discounted notes (borrowed funds) | 37, 120. 72 |
| Cash receipts from sales and collections | 321, 671. 17 |

Add: Increase in accounts receivable for the year:

| | | |
|---|---|---|
| Accounts receivable at Dec. 31, 1919 | $23, 541. 30 | |
| Accounts receivable at Jan. 1, 1919 | 14, 210. 55 | $9, 330. 75 |

| | |
|---|---|
| Gross sales for 1919 | 341, 001. 92 |
| Gross sales reported in return | 353, 862. 05 |

| | |
|---|---|
| Overstatement of gross sales in return | 12, 060. 13 |

There is a mathematical error of $10,000 in adding the increase in accounts receivable to the cash receipts from sales and collections, in arriving at gross sales, and an error of $800 in substracting gross sales for 1919 from gross sales reported in the return. If the basic figures are correct, the gross sales should be $331,001.92, and the overstatement should amount to $22,860.13.

### 1920

| | | |
|---|---|---|
| Total cash deposits at Bank of Anderson | | $476, 563. 95 |
| Less: Proceeds of discounted notes (borrowed funds) | | 25, 000. 00 |
| Cash receipts from sales and collections | | 451, 563. 95 |

Add: Increase in accounts receivable for the year:

| | | |
|---|---|---|
| Accounts receivable at Dec. 31, 1920 | $45, 532. 41 | |
| Accounts receivable at Jan. 1, 1920 | 22, 894. 01 | 22, 638. 40 |

| | |
|---|---|
| Gross sales for 1920 | 474, 202. 35 |
| Gross sales reported in return | 489, 873. 52 |

| | |
|---|---|
| Overstatement of gross sales in return | 15, 671. 17 |

The petitioner's computations to arrive at the gross sales for both years assume the figures relating to the increase in accounts receivable for both years, and borrowed funds for 1920. These have not been proven. Furthermore, the evidence indicates that the total deposits for 1920 were $521,184.53 instead of $476,563.95. The allegation in the petition that the accounts receivable at the beginning of 1919 and at the close of 1920 were $14,210.55 and $45,532.41, respectively, was denied in respondent's answer, and petitioner offered no evidence in support of its allegation. The person who kept the petitioner's books of account and prepared the returns for the years under review testified that the proceeds of discounted notes, for 1920, amounted to $20,000, while the later bookkeeper, testifying from the same books, stated that they amounted to $54,999. We are unable to determine from the record which is the correct amount.

> *Judgment will be entered for respondent on 15 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.